William Joseph **FINDLEY**, Appellant,

v.

**UNITED STATES** of America,
Appellee.

No. 8645.

United States Court of Appeals
Tenth Circuit.

July 1, 1966.

William A. Hensley, III, Wichita, Kan., for appellant.

Richard T. Spriggs, Asst. U. S. Atty. (Lawrence M. Henry, U. S. Atty., on the brief), for appellee.

Before MURRAH, PICKETT and HILL, Circuit Judges.

HILL, Circuit Judge.

This is a direct appeal from a conviction and sentence for the violation of 18 U.S.C. § 641. The indictment in the case charged appellant with the theft of a microscope from the Veterans Administration Hospital in Denver on the first count and with selling and disposing of the same item of personal property in the second count. At the conclusion of

the evidence the trial judge granted a motion for judgment of acquittal on the first count but denied the motion as to the second count. A jury verdict of guilty on the second count resulted.

Appellant attacks his conviction on three grounds, (1) erroneous instruction to the jury as to the elements of the offense charged, (2) insufficiency of the evidence, and (3) prejudicial remarks of the government counsel in the presence of the jury.

■ The record shows that no objection was made at the trial to the court's instructions and appellee seeks to meet appellant's first point by applying Rule 30, F.R.Crim.P. To support this position it cites this court's decisions in Ryan v. United States, 314 F.2d 306; Beasley v. United States, 327 F.2d 566 and Walton v. United States, 334 F.2d 343. These cases simply say this court will not consider, on appeal, the question of erroneous instructions if Rule 30 was not complied with in the trial court, unless this court can further say that such erroneous instructions affected the substantial rights of the defendant thus evoking the "plain error" Rule 52(b), F.R. Crim.P. Certainly, the failure to instruct as to the necessary elements of the offense charged affects the substantial rights of an accused and such error is "plain error" as contemplated by Rule 52(b).[1]

■ Section 641 defines several different and separate offenses, all of them being of the larceny type. The offense here charged is defined there by the words " * * * or without authority, sells, conveys or disposes of any record, voucher, money, or thing of value of the United States or of any department or agency thereof * * *." Although Congress did not write into the statute an express requirement of criminal intent, by the very nature of the crimes encompassed by the section, criminal intent is a necessary element.[2] The trial judge, by his instructions to the jury, stated the essential elements of the crime charged to be "First, that on or about the 23rd day of March 1965, the defendant, without authority, sold and disposed of the microscope in question here, * * *. Second, that the microscope was the property of the United States or of a department or agency thereof. Third, that the sale was knowingly and wilfully made by the defendant without authority of the United States and, fourth that at the time of the sale the value of the microscope was in excess of $100.00." He further defined the terms "knowingly", "wilfully" and "specific intent" generally and without specific reference to the facts of the case or the elements of the crime charged.

■ Appellant attacks the sufficiency of the court's instructions because of the failure to recite the necessity of proving beyond a reasonable doubt that the sale was made by the defendant with knowledge on his part that the property sold belonged to the United States and had been stolen from the United States. The government argues that the inclusion of the terms "knowingly", "wilfully" and "specific intent" and the further definition of those terms in the court's questioned instructions supplies any otherwise existing legal deficiency. We do not agree with the government's position.

In the trial of the case the appellant presented no evidence but relied solely upon the government's failure to prove the necessary elements of the offense beyond a reasonable doubt, which he certainly had a right to do. In view of the fact that criminal intent and guilty knowledge are necessary ingredients of the offense charged, it was incumbent upon the trial judge to advise the jury, that in addition to the elements he enumerated, it was necessary for the government to prove beyond a reasonable doubt

1. Screws v. United States, 325 U.S. 91, 65 S.Ct. 1031, 89 L.Ed. 1495; Apodaca v. United States, 188 F.2d 932; Byrd v. United States, 119 U.S.App.D.C. 360, 342 F.2d 939.

2. Morissette v. United States, 342 U.S. 246, 72 S.Ct. 240, 96 L.Ed. 288; Souza v. United States, 9 Cir., 304 F.2d 274.

that the defendant knew that the property involved belonged to, and was stolen from, the government. The use of the terms "wilfully", "knowingly" and "specific intent" and the defining of those words in the instructions were not legally sufficient to adequately apprise the jury of the essential elements of the offense charged and the burden of proof imposed upon the government.

We have little difficulty in disposing of appellant's attack upon the sufficiency of the government's proof. Summarizing, that evidence showed that a microscope numbered LM-4069, which was the property of the Veterans Administration Hospital in Denver, Colorado, was removed from the hospital, without authority on March 22 or 23, 1965. That on March 23, 1965, Findley made three attempts to sell this microscope in Colorado Springs, Colorado, and in each instance gave a false name and false account of how he came into possession of the instrument. Finally, he was able to sell the microscope to one Robert O. Wasson.

Possession of property recently stolen, if not satisfactorily explained, is circumstantial evidence from which a jury may properly infer and find that the person in possession had knowledge that the property had been stolen.[3] The evidence adduced also showed that the microscope, at the time of its disappearance from the hospital, was marked with a label bearing the initials VA and the purchase number. This marking would supply knowledge as to ownership. The means employed by appellant in selling and attempting to sell the microscope, that is, by making false representations to the prospective buyers as to the source of the instrument and the use of a fictitious name are of importance in the making of a circumstantial evidence case. We believe there was sufficient evidence to take the case to a jury and from which a jury could legally find a verdict of guilty.

There is no merit to appellant's point concerning prejudicial statements of government counsel made during his closing argument to the jury. We have read the record as to this point and can find no prejudice to the accused by reason of the pointed remarks. In addition, the point is raised here for the first time, which also would, in the absence of a showing of substantial prejudice to the rights of the defendant, preclude our consideration of the point.

The judgment of conviction is reversed and the case is remanded for a new trial.

---

3. Jenkins v. United States, 10 Cir., 361 F.2d 615; Real v. United States, 10 Cir., 326 F.2d 441.