UNITED STATES of America, Plaintiff-Appellee,

v.

Laszlo JERMENDY, Defendant-Appellant.

No. 351, Docket 76–1231.

United States Court of Appeals, Second Circuit.

Argued Oct. 21, 1976.

Decided Nov. 4, 1976.

Elia Weinbach, Asst. U. S. Atty. (David G. Trager, U. S. Atty., E. D. N. Y., Bernard J. Fried, Asst. U. S. Atty., Brooklyn, N. Y., of counsel), for plaintiff-appellee.

Jonathan J. Silbermann, William J. Gallagher, Legal Aid Society, New York City, for defendant-appellant.

Before FRIENDLY, HAYS and MULLIGAN, Circuit Judges.

PER CURIAM:

Appellant Jermendy appeals from a judgment of conviction entered on May 14, 1976, after a jury trial before Judge Henry Bramwell in the United States District

Court for the Eastern District of New York. He was convicted of a theft of United States property valued in excess of one hundred dollars. 18 U.S.C. §§ 641 and 2. The sole question raised on this appeal is whether it was plain error for the district court judge to instruct the jury that knowledge of the Government's ownership of the property stolen was not an element of the larceny charged.

There is no challenge to the sufficiency of the evidence so that no extended statement of the facts is necessary. In the early morning of June 10, 1975, the defendant, Laszlo Jermendy, who was armed with a .38 caliber revolver, and an accomplice * entered the apartment of Roland Lindsay, Special Agent in the United States Secret Service, in Queens County, New York. After threatening Lindsay and his roommate, the intruders ransacked the apartment and among the items stolen was a .357 magnum Smith and Wesson service revolver, property of the United States, then in the possession of Lindsay. After the service revolver was discovered hidden in a mattress in Jermendy's apartment by the police, he was arrested. On October 24, Jermendy was indicted by a grand jury in the Eastern District.

At the trial, Judge Bramwell instructed the jury:

> You are charged as a matter of law that the government is not required to prove that the defendant charged with theft of property of the United States, was aware that the property taken belonged to the United States.

Although no objection was made to the charge, appellant now urges that his conviction be reversed on the theory that this charge constituted plain error. The issue has not been previously put to this court but five of the six circuits that have considered the question have determined that knowledge by the defendant of Government ownership of the property taken is not necessary to support a conviction under 18

U.S.C. § 641. *United States v. Crutchley,* 502 F.2d 1195, 1201 (3d Cir. 1974); *United States v. Smith,* 489 F.2d 1330, 1332–34 (7th Cir. 1973), cert. denied, 416 U.S. 994, 94 S.Ct. 2407, 40 L.Ed.2d 773 (1974); *United States v. Denmon,* 483 F.2d 1093, 1094–95 (8th Cir. 1973); *United States v. Boyd,* 446 F.2d 1267, 1274 (5th Cir. 1971); *United States v. Howey,* 427 F.2d 1017 (9th Cir. 1970). The opposing view upon which appellant relies was adopted by the Tenth Circuit in *Findley v. United States,* 362 F.2d 921, 922–23 (1966).

Each of the circuit court cases representing the majority view has expressly rejected *Findley* and we concur in that repudiation. There is nothing either in the language of the statute at issue or in its legislative history which would indicate any intention on the part of Congress to require proof of knowledge on the part of the defendant that the property he has stolen was in fact Government property. The Ninth Circuit in *United States v. Howey, supra,* in an opinion written by Judge Hufstedler persuasively establishes that *Findley* was erroneously decided.

We conclude the statutory requirement that the stolen property in fact belonged to the Government was to lay the basis for federal jurisdiction and that the defendant's knowledge of the jurisdictional fact is irrelevant. See *United States v. Feola,* 420 U.S. 671, 95 S.Ct. 1255, 43 L.Ed.2d 541 (1975).

Judgment affirmed.

---

* The accomplice, Kenneth Helmstadt, who was indicted as a "John Doe" on the same indictment as Jermendy, pleaded guilty to the charges.