812 F.2d 1402
 22 Fed. R. Evid. Serv. 906
 Unpublished Disposition
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff/Appellee,
v.
Melvin PALMER, Defendant/Appellant.
 No. 86-5049.
 United States Court of Appeals,
Fourth Circuit.
 Argued Dec. 12, 1986.
Decided Feb. 17, 1987.
 
 John Frank Hardaway, Deputy Federal Public Defender on brief for appellant.
 Dale L. DuTremble, Assistant United States Attorney (Vinton D. Lide, United States Attorney on brief) for appellee.
 Before SPROUSE, CHAPMAN, and WILKINS, Circuit Judges.
 PER CURIAM:
 
 
 1
 Melvin Palmer appeals his convictions of forgery in violation of 18 U.S.C. 510(a)(1) and possession of stolen mail in violation of 18 U.S.C. 1708. He claims error in the admission of the government's exhibits one and two, which are the claim form submitted June 18, 1984 by Kate V. Lawson indicating that she had not received her social security check and a questionnaire form mailed to Mrs. Lawson by the Postal Inspector on December 17, 1984 and which she was to return to him by mail. Appellant also claims that it was error for the trial judge to question him in the presence of the jury as to whether he waived being present in the courtroom for a short period of time at the commencment of the jury selection process. We affirm.
 
 I.
 
 2
 Kate V. Lawson did not receive her December, 1983 check from the U.S. Treasury in the amount of $993.31, which check was mailed to her at her home, 10 Vanderhorst Street, Charleston, South Carolina. The check was cashed on December 2, 1983 at Johnson Street Grocery and was endorsed with the name Kate V. Lawson. In June, 1984 Mrs. Lawson filled out a claim form indicating that she had not received the December, 1983 check. This form was government's exhibit two. In December, 1984 a Postal Inspector mailed a form questionnaire to Mrs. Lawson. She completed this form and mailed it back to the inspector. This form is government's exhibit one. Mrs. Lawson died before the date of trial and before she was interviewed by the Postal Inspector.
 
 
 3
 At trial, in addition to exhibits one and two, which were introduced through the testimony of the Postal Inspector, the government also presented a handwriting expert, who gave an opinion that the defendant wrote the signature of Kate V. Lawson on the back of the check, which was introduced in evidence. The government also presented the testimony of the defendant's accomplice, Nathaniel Keith, who testified that the defendant brought the check payable to Kate V. Lawson in the amount of $993.31 to the Johnson Street Grocery and Keith cashed it at the defendant's request. This witness testified that the check had been stolen. Keith kept one third of the proceeds and gave two-thirds to the defendant. Keith testified that the defendant was unemployed and had given Keith other checks to cash at the store.
 
 
 4
 The United States offered exhibits one and two into evidence and was prepared to prove by Mrs. Lawson's sister that the signature on the claim form was that of Kate V. Lawson and that Kate V. Lawson had told her that she (Kate V. Lawson) had not received her government check in December, 1984 and was going to write to have it replaced. The government claimed a hearsay exception that the statements showed the state of mind of the declarant and showed a future course of conduct by the actions of the declarant Kate V. Lawson under Mutual Life Insurance Company v. Hillmon, 145 U.S. 285 (1892) and United States v. Pheaster, 544 F.2d 353 (9th Cir.1976). The District Court held that such a showing was not necessary because the two exhibits were admissible under the business records exception in Fed.R.Evid. 803(6).
 
 II.
 
 5
 The government admits that the admission of exhibits one and two under the business records exception to the hearsay rule is at best questionable, but contends that any error was harmless since there was convincing, properly admitted evidence to prove all of the essential elements of the crime. The government also argues that these documents were admissible under Fed.R.Evid. 803(24).[1]
 
 
 6
 The essential elements necessary to prove the forgery count were that the defendant falsely made or forged the endorsement "Kate V. Lawson" on the check in question with intent to defraud. Under the possession of material stolen from the mail count, it was necessary for the government to prove that the defendant had in his possession the check knowing the same to be stolen from the mail. The testimony of the accomplice and of the handwriting expert were sufficient to prove these elements without the admission of the hearsay contained in exhibits one and two.
 
 
 7
 The problem of the payees of stolen government checks dying prior to trial is not novel and will probably continue to raise questions of admissibility. In United States v. White, 611 F.2d 531 (5th Cir.1980) the Court found the claim form executed by the payee who had died prior to trial to be admissible under exception 24 to Rule 803 because the Court found the claim form had sufficient indicia of reliability to allow its admission at the discretion of the trial judge. The Court found that the length of time between an event and the declarant's statement concerning it was a significant indicator of reliability; that the declarant was aware in signing the claim form that he was subject to criminal prosecution for false statements; and that the testimony showed the declarant had a sizable bank balance and it was highly improbable that he would file a false claim for a small amount of money. In White there was also the element of reliability caused by the testimony of a witness who helped the decedant prepare the form. The first two elements of White are applicable to the facts now before the Court.
 
 
 8
 In United States v. Tompkins, 487 F.2d 146 (8th Cir.1973) the payee was deceased at the time of trial. The Court found that the claim form against the United States, was admissible under 28 U.S.C. 1732 and 1733 as a government record made in the regular course of business to prove that a claim had been made by the intended payee, but found that portion of the form indicating that the payee had not in any manner participated in any part of the proceeds was hearsay. However, it found that this was harmless. In United States v. Baker, 693 F.2d 183 (D. C.Cir.1982) the Court found that the same type of claim form was not admissible as a business record under Fed.R.Evid. 803(6), but the Court concluded that the admission was harmless error because of other convincing evidence of the defendant's guilt.
 
 
 9
 We conclude that the admission of exhibits one and two was harmless beyond a reasonable doubt because the essential elements of each crime were proved by other evidence. The payee's filing of a claim for the check was merely corroborative of Nathaniel Keith's testimony that the defendant knew the check had been stolen from the mail.
 
 III.
 
 10
 At the conclusion of the selection of the jury venire the trial judge realized that the defendant had not been present at the commencement of jury selection and asked defense counsel to explain to the defendant what had transpired and the Court inquired of both defense counsel and the defendant as to whether the defendant waived his right to be present during this time. Defense counsel advised the Court that he was ready to proceed, but the judge addressed the defendant personally:
 
 
 11
 Court: Alright. Mr. Palmer, do you anything that might have transpired here prior to your coming in the door?
 
 
 12
 Have him stand, Mr. Hardaway.
 
 
 13
 Defendant: No, sir.
 
 
 14
 The Court: You say, no sir or yes, sir?.
 
 
 15
 Defendant: No, sir.
 
 
 16
 The Court: I want you to waive whatever might have happened, otherwise I am going to have to go through all that over again, Mr. Hardaway.
 
 
 17
 For the benefit of the jury, the law requires that a defendant be present throughout these proceedings so that he can come--
 
 
 18
 Mr. Hardaway: Let me talk to Melvin one second, your honor.
 
 
 19
 The Court: Alright.
 
 
 20
 Mr. Hardaway: Your honor, can we approach the bench?
 
 
 21
 The Court: Yes sir.
 
 
 22
 (A bench conference occurred off the record.)
 
 
 23
 The Court: I will just go through it over again."
 
 
 24
 The judge then went through the process of explaining to the defendant the events that had transpired prior to his entry into the courtroom.
 
 
 25
 The defendant now contends that the exchange between himself and the Court violated his fifth amendment right to stand mute before a court without penalty or adverse inference being drawn or comment made about his failure to testify.
 
 
 26
 It is obvious from the colloquy that the defendant was not being forced to testify against himself nor was he being compelled to give testimony. Fed.R.Crim.P. 43(a) requires the presence of the defendant during the impaneling of the jury, and the trial judge would have invited error had he not proceeded to explain everything that happened in the defendant's absence or to seek defendant's waiver of his presence in the courtroom.
 
 
 27
 What occurred was not testimonial compulsion because it did not relate to the facts at issue, but only involved a statement by the defendant that he did not waive his right to be present. This part of the proceeding might have best been taken up in the absence of the jury, but what occurred did not violate any right of the defendant and there has been no showing of possible prejudice.
 
 
 28
 AFFIRMED.
 
 
 
 [1]
 Fed.R.Evid. 803(24) Other exceptions. A statement not specifically covered by any of the foregoing exceptions but having equivalent circumstantial guarantees of trustworthiness, if the Court determines that (A) the statement is offered as evidence of a material fact; (B) the statement is more probative on the point for which it is offered than any other evidence which the proponent can procure through reasonable efforts; and (C) the general purposes of these rules and the interests of justice will best be served by admission of the statement into evidence. However, a statement may not be admitted under this exception unless the proponent of it makes known to the adverse party sufficiently in advance of the trial or the hearing to provide the adverse party with fair opportunity to prepare to meet it! his intention to offer the statement and the particulars of it, including the name and address of the declarant