901 F.2d 1131
 284 U.S.App.D.C. 79
 Unpublished Disposition
NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
UNITED STATES of America
v.
Rodney STROKES, Appellant.
 No. 89-3146.
 United States Court of Appeals, District of Columbia Circuit.
 April 20, 1990.
 
 Before MIKVA, BUCKLEY and D.H. GINSBURG, Circuit Judges.
 JUDGMENT
 PER CURIAM.
 
 
 1
 This case was considered on the record on appeal from the United States District Court for the District of Columbia and on the briefs filed by the parties. The court has determined that the issues presented occasion no need for a published opinion. See D.C.Cir.Rule 14(c). It is
 
 
 2
 ORDERED and ADJUDGED that the judgment of conviction be affirmed for the reasons stated in the accompanying memorandum.
 
 
 3
 The Clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. See D.C.Cir. Rule 15.
 
 MEMORANDUM
 
 4
 Rodney Strokes appeals from a conviction for possession with intent to distribute cocaine, in violation of 21 U.S.C. Sec. 841(a). He argues that the testimony of the prosecution witness, Angela Peterson, was the result of coercion, and that the district court erred in failing, sua sponte, to strike the testimony from the record.
 
 
 5
 The district court properly admitted Peterson's testimony because the evidence was relevant under Fed.R.Evid. 401, and defense counsel had the opportunity, which she exercised, to cross-examine the witness on the issue of alleged coercion. See U.S. v. Wolf, 839 F.2d 1387, 1397 (10th Cir.), cert. denied, 109 S.Ct. 304 (1988). The jury was therefore aware of the circumstances under which the testimony was given and was free to assess the credibility of the witness. See U.S. v. Tarantino, 846 F.2d 1384, 1419 (D.C.Cir.), cert. denied, 109 S.Ct. 174 (1988); U.S. v. Cervantes-Pacheco, 826 F.2d 310, 311-15 (5th Cir.1987) (en banc), cert. denied, 484 U.S. 1026 (1988) (it is for the jury to determine the credibility of a compensated witness). Furthermore, the record does not support Strokes' contention that Peterson was threatened and coerced into testifying. See U.S. v. Simmons, 670 F.2d 365, 371 (D.C.Cir.1982), cert. denied, 464 U.S. 835 (1983); see also U.S. v. Blackwell, 694 F.2d 1325, 1334-35 (D.D.Cir.1982). Accordingly, the district court did not commit plain error in admitting the testimony of Peterson. See U.S. v. Baker, 693 F.2d 183, 187 (D.C.Cir.1982); U.S. v. Blackwell, 694 F.2d at 1340-41; Fed.R.Crim.P. 52(b); see also U.S. v. Frady, 456 U.S. 152, 163 & n. 14 (1982).