16-2597-cr
*United States v. Goldreich*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "Summary Order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 28th day of February, two thousand and eighteen.

Present:
> BARRINGTON D. PARKER,
> PETER W. HALL,
> RAYMOND J. LOHIER, JR.,
>
> *Circuit Judges*.

---

UNITED STATES OF AMERICA,

> *Plaintiff-Appellee,*

v.                                                      16-2597-cr

ISRAEL GOLDREICH, ALSO KNOWN AS "IZZY GOLDREICH"

> *Defendant-Appellant*.

---

| | |
|---|---|
| For Appellee: | IAN C. RICHARDSON, Assistant United States Attorney (Emily Berger, Assistant United States Attorney, *on the brief*), for Richard P. Donoghue, United States Attorney for the Eastern District of New York, Brooklyn, New York. |
| For Appellant: | JANE S. MEYERS, Law Office of Jane S. Meyers, Brooklyn, New York. |

Appeal from a judgment of the United States District Court for the Eastern District of New York (Cogan, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED.**

Defendant-Appellant Israel Goldreich ("Goldreich") appeals his conviction, following a jury trial, on one count of conversion of money of the United States in violation of 18 U.S.C. § 641. Goldreich argues: (1) the Government's evidence was insufficient to prove that the United States actually owned the money at the time Goldreich converted it; and (2) the district court's response to a jury question during deliberation was inadequate and thus in error. We assume the parties' familiarity with the underlying facts, the procedural history, the district court's rulings, and the arguments presented on appeal.

## I.      Sufficiency of Evidence Challenge

We review *de novo* a ruling on a Rule 29 sufficiency of the evidence challenge. *United States v. Abu-Jihaad*, 630 F.3d 102, 134 (2d Cir. 2010). This Court will uphold a conviction when, "after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979) (emphasis in original); *accord United States v. Robinson*, 702 F.3d 22, 34–35 (2d Cir. 2012).

Goldreich's argument that there was insufficient evidence to convict him because the money in question did not belong to the United States when he converted it is unpersuasive. The Government introduced sufficient evidence to support the verdict. Here, if Goldreich was to uphold his agreement with the undercover FBI agent, the money in question—which the undercover agent told Goldreich was the proceeds of the sale of fraudulent stock certificates—

2

was merely to pass through Goldreich's account and then transfer back to the undercover agent within a day or two. The record shows communications between the undercover agent and Goldreich that demonstrate this arrangement was the clear understanding between them. The record further contains bank records that prove the funds belonged to the United States. In his videotaped interview, Goldreich even admitted his intention to "return those funds," thus indicating he did not have superior title to it.

## II.    Jury Instruction Challenge

Goldreich argues for the first time on appeal that the district court's instruction in response to a question asked of it by the jury during deliberation was confusing and therefore erroneous, and as a result we should thus reverse the conviction.

When a party does not raise a challenge to a jury instruction below, we review for plain error. *United States v. Nouri*, 711 F.3d 129, 138 (2d Cir. 2013); Fed. R. Crim. P. 30(d), 52(b).[1] "A jury instruction is erroneous if it either fails adequately to inform the jury of the law or misleads the jury as to the correct legal standard." *United States v. George*, 779 F.3d 113, 117 (2d Cir. 2005).

The jury asked the court for the following clarification: "We would like clarification of the third point of the charge. Does it need to be proven that the property belonged to the U.S.

---

[1] "[E]ven if appellants state distinctly the matter to which they object and the grounds for their objection, this does not suffice to preserve an objection for appeal absent plain error, if the grounds stated at trial are different from those raised on appeal." *United States v. James*, 998 F.2d 74, 78 (2d Cir. 1993). In order to preserve an objection to a jury instruction, a party "must direct the trial court's attention to the contention that is to be raised on appeal." *United States v. Masotto*, 73 F.3d 1233, 1237 (2d Cir. 1996) (internal quotation marks omitted). On appeal here, Goldreich argues not that the district court's response to the jury's question was legally inaccurate, but that it was confusing to the jury. If this objection were properly preserved, our review would be for harmless error. *United States v. Botti*, 711 F.3d 299, 308 (2d Cir. 2013). Given that the district court's response was legally accurate and responded to the jury's inquiry in a reasoned manner, we find no error.

Government for this point?"  After due consideration and consulting with the parties, the district court referred the jury to its original instruction as a *whole*, which was a correct statement of the law.  *See United States v. Sabhnani*, 599 F.3d 215, 237 (2d Cir. 2010) (noting that, on review, courts consider jury instructions "as a whole").  We find no error in the district court's response,[2] and certainly no plain error.

We have considered Goldreich's remaining arguments on appeal and find them to be without merit.  We **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

---

[2] Section 641 of Title 18 of the United States Code, under which Goldreich was convicted, requires a defendant to "knowingly convert[] . . . [a] thing of value of the United States."  We have explicitly held that conviction under that statute does not require the defendant to *know* to whom the property belongs.  *United States v. Jermendy*, 544 F.2d 640, 641 (2d Cir. 1976).  The record indicates the district court interpreted this statute correctly and likewise instructed the jury consistent with that interpretation.