# SUPERIOR COURT
## of the
## STATE OF DELAWARE

Jeffrey J Clark
Judge

Kent County Courthouse
38 The Green
Dover, DE 19901
Telephone (302)735-2111

August 10, 2018

Daniel C. Herr, Esquire
Law Office of Daniel C. Herr, Esquire
1225 North King Street
Suite 1000
Wilmington, DE  19801

Steven T. Margolin, Esquire
Samuel L. Moultrie, Esquire
Greenberg Traurig, LLP
The Nemours Building, Suite 1200
Wilmington, DE  19801

Johnine P. Barnes, Esquire
Greenberg Taurig, LLP
2101 L. Street, N.W., Suite 1000
Washington, DC  20037

**RE:   *Suzanne Wilgus v. Bayhealth Medical Center, Inc.***
***K17C-07-032 JJC***

Submitted:  August 2, 2018
Decided:  August 10, 2018

Counsel:

This letter addresses Plaintiff Suzanne Wilgus's (hereinafter "Ms. Wilgus") motion *in limine* seeking to admit a medical record into evidence at trial set to begin on August 27, 2018.  This case involves an allegation that Defendant Bayhealth Medical Center, Inc. (hereinafter "Bayhealth") discriminated against Ms. Wilgus

because she had a record of disability.[1]  Ms. Wilgus was cleared to return to work on January 5, 2017, without restrictions following approximately six months of total temporary disability leave.  Ms. Wilgus proffers that her treating physician, Dr. Boulos, nevertheless orally advised her to wear a back-brace for the first several weeks after she returned to work.  Ms. Wilgus claims that she informed Bayhealth personnel of this and that they refused to provide her with a reasonable accommodation and wrongfully terminated her.  On the other hand, Bayhealth claims it was justified in terminating her because of its policy against permitting such assistive devices in the work place for health conditions not covered by law.

At issue in this motion is a March 2, 2017, medical record from Dr. Boulos's office, authored two months after Ms. Wilgus's scheduled return-to-work date.  That record references Dr. Boulos's findings as of the date of that visit, and his past advice that he "wanted her to wear her back-brace while she was at work for some added support."

Bayhealth objected to this exhibit in the pretrial stipulation alleging lack of foundation, authenticity, relevance, and Delaware Rule of Evidence (hereinafter "D.R.E.") 403 concerns.  At the pretrial conference, Bayhealth also lodged a hearsay objection. Ms. Wilgus responded by moving *in limine* for its admission.  In Bayhealth's written response to the motion, it focuses only on the hearsay and relevance objections.  By footnote, Bayhealth also seeks to preserve its other objections for trial, pending the testimony of a records custodian.

With regard to the hearsay objection, Ms. Wilgus argues that the record is admissible pursuant to two hearsay exceptions – the medical records exception in D.R.E. 803(4) and the business records exception in D.R.E. 803(6).  First, Ms. Wilgus argues that the record is admissible under D.R.E. 803(4), because it was a

---

[1] Ms. Wilgus alleges a violation of Delaware's Persons With Disabilities Employment Protections Act as codified in 19 *Del. C.* § 720 *et seq.*

statement made for purposes of medical diagnosis or treatment. After reviewing the record and relevant authority, the Court agrees with Bayhealth's position that the exception for declarations made for purposes of securing medical treatment or diagnosis applies only to a patient's statements made to medical providers.[2] While the March 2, 2017, record references some minimal matters that may have come from Ms. Wilgus's statements as the patient, the relevant statements regarding the back-brace were obviously made by her treating physician, Dr. Boulos. Such statements do not fall within this hearsay exception.

Second, Ms. Wilgus argues that the March 2, 2017, record is admissible based on the business record exception to the hearsay rule. In order to fit within the D.R.E. 803(6) exception, the proponent must establish the following four requirements:

(1) the record must be made at or near the time of the act or event;
(2) it must be made by or from information transmitted by a person with knowledge;
(3) the record must be prepared and maintained in the course of regularly conducted business activity; and
(4) it must be the organization's regular practice to record the act or event.[3]

To assist in trial planning for both sides, the Court is able to definitively address the matters in controversy; nevertheless, a final decision on admissibility must await the testimony of a records custodian.[4] In that regard, the Court will conduct a D.R.E. 104(a) hearing outside the presence of the jury to determine if Ms.

---

[2] *See Brown v. Liberty Mut. Ins. Co.,* 774 A.2d 232, 241–242 (Del. 2001) (stating that a doctor's notation "did not satisfy the requirements for admission as a statement for the purpose of medical treatment or diagnosis."); *see also Bombard v. Fort Wayne Newspapers, Inc.,* 92 F.3d 560, 564 (7th Cir. 1996) (recounting that 803(4) does not "except, nor can it reasonably be interpreted as excepting [from hearsay], statements by the person providing the medical attention to the patient."); *and* 30B Fed. Prac. & Proc. Evid. § 6847 (stating that "[s]tatements form a doctor to the patient regarding diagnosis and treatment are not covered by [803(4)].").

[3] *Brown*, 774 A.2d at 238 (citations omitted).

[4] The parties are encouraged to confer to determine, in light of this order, whether the testimony of a records custodian will be necessary.

Ward can establish the four criteria of this hearsay exception by a preponderance of the evidence.

In directly addressing the matters raised by the parties in this motion, on its face, the medical record appears to be a record drafted at or near the time of the office visit at issue. It also appears to be an electronic record that was printed on practice letterhead. The Court is not persuaded by Bayhealth's argument that the record is inadmissible because it contains multiple layers of hearsay. It is well recognized that "when the source and the recorder of the information, as well as every other participant in the chain producing the record, are acting in the regular course of business, multiple hearsay is excused by DRE 803(6)."[5] Dr. Boulos is the "source" of the information when such statements are packaged in a business record. At least as to the "multiple layers of hearsay" concern, the exception includes documents such as this.

The record is also not inadmissible simply because it includes diagnoses and opinions.[6] In fact, D.R.E. 803(6) itself provides that a business record may include an "opinion, or diagnosis." Certainly, an expert report prepared in anticipation of litigation does not fall under this exception.[7] On the face of the record at issue,

---

[5] *U.S. v. Baker*, 693 F.2d 183, 188 (D.C. Cir. 1982). *See* 30B Fed. Prac. & Proc. Evid. § 6866 (recounting that "[a] record that would require analysis via Federal Rule of Evidence 805 of multiple levels of hearsay outside the business records context, will not require such analysis if introduced under Rule 803(6), so long as each hearsay level originates from a "regular practice" of one employee within the business relating information to another, all in the "regular course of business.").

[6] *See* Michael Graham, 30C Fed. Prac. & Proc. § 7047 at 165 (2011) (recognizing that "[a]dmissibility is no longer in doubt [because] Rule 803(6) specifically includes both diagnoses and opinions, in additions to acts, events, and conditions, as proper subjects of admissible entries.").

[7] *See World Kitchen, LLC v. American Ceramic Society*, 2016 WL 3568723, at *5 (7th Cir. 2017) (holding that "records were created at the direction of counsel and not in the ordinary course of [the company's] business."); *see also Gerstley v. Mayer*, 2015 WL 756981, at *9 n.48 (Del. Super. Feb 11, 2015) (stating that "[g]enerally expert reports are not admissible as evidence as the report constitutes hearsay"); *see also* 30B Fed. Prac. & Proc. Evid. § 6865 (stating that "[m]any courts

however, the Court does not conclude that the medical record is an expert report made in anticipation of litigation. It contains diagnoses and vital signs and that it simply includes matters referencing what the doctor explained to the patient at her last office visit does not convert the medical record into an expert narrative report.

Furthermore, the Court does not find that a reference in a medical record that was transcribed on the same day as a patient's office visit to be inadmissible simply because it references advice given to a patient at a previous office visit. In the Court's judgment, a reference to advice given at the preceding visit in a record of a follow-up visit qualifies as recording an event "at or near the time of the act or event."[8]

Finally, Bayhealth argues that the record at issue is not relevant because it was not presented to Bayhealth at or around January 6, 2017, the time of its alleged refusal to provide a reasonable accommodation to Ms. Wilgus. The threshold for relevance is not high. It requires only that the proffered evidence has a tendency to make any fact of consequence more or less probable.[9] Here, the nature of what was an allegedly reasonable accommodation is an issue squarely before the Court. Though that record was not presented to Bayhealth at the time it terminated Ms. Wilgus's employment, if admitted into evidence, it would corroborate what Ms. Wilgus undisputedly relayed to Bayhealth. It is thus significantly relevant to Ms. Wilgus's claims.

Accordingly, the Court **DEFERS** its ultimate decision regarding the admissibility of the record pending the testimony of a records custodian at trial after

---

read Federal Rule of Evidence 803(6)(B)'s 'regularly conducted activity' requirement to disqualify records generated with an eye to litigation.").

[8] *See* 34 Am. Jur. *Proof of Facts* 2d § 509 (1983) (stating that "at or near a time" of the transaction does not refer to a precise time fixed, but rather that the "rule of reason" is generally followed to determine if a recording was of sufficient temporal proximity).

[9] D.R.E. 401.

a D.R.E. 104(a) hearing outside the presence of the jury. Given the Court's decision in this Order regarding the majority of the arguments raised by the parties, they are encouraged to confer regarding whether a records custodian will be necessary. In the absence of a such a stipulation, Ms. Wilgus must meet her burden of establishing the requirements of the business records exception. The pretrial order is hereby modified to include a records custodian of Delaware Neurosurgical Group, P.A. as a trial witness for the Plaintiff.

**IT IS SO ORDERED**

/s/ Jeffrey J Clark
Judge