## UNITED STATES v. TRINDER et al.

### No. 4986.

District Court, D. Montana.
Oct. 26, 1932.

Wellington D. Rankin, U. S. Atty., and Arthur P. Acher, Asst. U. S. Atty., both of Helena, Mont.

BOURQUIN, District Judge.

Defendants are indicted for stealing one of the government's autos. Two of them pleaded guilty. It appears they are minors, Indian wards of the government, and, as is conceded, they took the auto for temporary local use with intent to return it to the place or vicinity of taking, where it probably would be by the owner recovered.

Unfortunately their joy riding terminated against a telegraph pole with disaster to the car, where, abandoned by them, the government recovered it. Hence the indictment by way of a lesson to them and other young braves disposed to infringe their guardian's rights of property. The end is good, but the means are bad.

Upon principle and authority there was no stealing but merely trespass; secret borrowing. At common law and likewise by the federal statute (18 USCA § 82) adopting common-law terms, stealing in general imports larceny; that is, felonious taking and intent to permanently deprive the owner of his property.

That intent is absent here, and defendants are not guilty as charged. Accordingly, in discharge of the court's duty to minors, their plea of guilty is rejected, and the case is dismissed. Had they been indicted for thus taking and consuming any government gasoline, the case would be otherwise. But even Indian minor wards are entitled to due process, and by way of "good discipline" or otherwise are not to be penalized for felonies charged, but not committed.