**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Robert Mark HOWEY, Defendant-**
**Appellant.**

No. 25116.

United States Court of Appeals,
Ninth Circuit.

June 5, 1970.

Asa M. Akinaka (argued), Padgett, Greeley, Marumoto & Akinaka, Ralph F. Munro Matsumura, Honolulu, Hawaii, for defendant-appellant.

Michael R. Sherwood (argued), Asst. U. S. Atty., Robert K. Fukuda, U. S. Atty., Honolulu, Hawaii, for plaintiff-appellee.

Before JERTBERG, BROWNING, and HUFSTEDLER, Circuit Judges.

HUFSTEDLER, Circuit Judge:

Howey appeals from his conviction on two counts of an indictment charging him with the theft of submarine parts owned by the Government (18 U.S.C. § 641).

The central issue on appeal is this: Was Howey's knowledge that the property in question belonged to the Government an essential element of the theft offense stated in 18 U.S.C. § 641? If it was, Howey's conviction must be reversed because the jury was not instructed upon that element. We hold that such knowledge was not an element of the offense, and we affirm the conviction.

Howey relies primarily on a holding of the Tenth Circuit in Findley v. United States (1966) 362 F.2d 921 that an essential element of the section 641 offense charging unauthorized sale of Government property ("Whoever * * * without authority, sells, conveys or disposes of any * * * thing of value of the United States") is knowledge on the part of the defendant "that the property sold belonged to the United States and had been stolen from the United States." (362 F.2d at 922.) We think that *Findley* is wrong, and we decline to follow it.

*Findley* does not explain how the conclusion was reached that such knowledge

is essential, other than to cite Morissette v. United States (1952) 342 U.S. 246, 72 S.Ct. 240, 96 L.Ed. 288 and Souza v. United States (9th Cir. 1962) 304 F.2d 274, neither of which is authority for the point. *Morissette* held that Congress intended that felonious intent would be an essential element of the larceny-type offenses stated in section 641, despite its failure to say so. Nothing in *Morissette* suggests that knowledge of the identity of the owner of the property taken is an ingredient of felonious intent. The defendant in *Souza* claimed that he had been prejudiced by the failure of the indictment to charge felonious intent expressly; the indictment had been framed in the language of section 641. In the course of rejecting that contention, our court quoted from the jury instructions that had included a charge requiring that Souza knew that the stolen property belonged to the Government. We neither approved nor disapproved the instruction. The propriety of the knowledge part of the instruction was not discussed.

■ The question is a fresh one in this circuit. Knowledge of the ownership of property taken is not an express requisite of guilt under that part of section 641 with which Howey was charged: "Whoever embezzles, steals, purloins, or knowingly converts to his use * * * any * * * thing of value of the United States" is guilty of a federal offense. Nothing in the history of section 641 suggests that Congress intended such knowledge to be an element of the offense.

Section 641 was a consolidation of four former larceny-type offenses, scattered through Title 18, before its 1948 revision. The history of section 641 and its antecedents demonstrates that Congress intended the section to codify the common law crimes of larceny and embezzlement, together with those other acts which shade into those common law offenses, yet fail to fit precisely within their definitions.[1] It was not an essential part of the common law larceny-type offense that the thief knew who owned the property he took; it was enough that he knew it did not belong to him.[2] The legislative history provides no support for an assumption that Congress intended in section 641 to add to the common law offenses a new requirement that a thief know who owned the property he was stealing.

■ The reason for including the requirement that the property, in fact, belongs to the Government was to state the foundation for federal jurisdiction. A defendant's knowledge of the jurisdictional fact is irrelevant, as we have held in many cases interpreting analogous statutory provisions. (*E. g.*, United States v. Kartman (9th Cir. 1969) 417 F.2d 893; McEwen v. United States (9th Cir. 1968) 390 F.2d 47. *See also* United States v. Bolin (9th Cir. 1970) 423 F.2d 834.

■ The evidence amply sustained Howey's conviction. The jury was properly instructed on the permissible inference it could draw from proof of the fact that Howey was in possession of recently stolen Government property. (*E. g.*, Kowalewski v. United States (9th Cir. 1969) 418 F.2d 118; Corey v. United States (9th Cir. 1962) 305 F.2d 232, cert. denied (1963) 371 U.S. 956, 83 S.Ct. 511, 9 L.Ed.2d 503.) Finally, the district court did not err in instructing the jury about the significance it could attach to Howey's inconsistent statements.

Howey's motion to strike the Government's brief on appeal is denied. The judgment is affirmed.

1. The history of § 641 is discussed in Morissette v. United States, supra, 342 U.S. at 265–273, 72 S.Ct. 240.

2. *See, e. g.*, Clark & Marshall, Crimes § 12.00 et seq. (7th ed. 1967).