**Henry G. AILSWORTH, Defendant and Appellant,**

**v.**

**UNITED STATES of America, Plaintiff and Appellee.**

**No. 71–1434.**

United States Court of Appeals, Ninth Circuit.

Sept. 7, 1971.

---

Paul Goorjian (argued), San Francisco, Cal., for defendant and appellant.

John G. Milano, Asst. U. S. Atty. (argued), James L. Browning, U. S. Atty., San Francisco, Cal., for plaintiff and appellee.

Before CARTER and HUFSTEDLER, Circuit Judges, and FERGUSON,* District Judge.

FERGUSON, District Judge:

This unusual case presents the issue of whether its facts, when viewed as alleged by the appellant, conclusively demonstrate his guilt.

The appellant was charged with a felony violation of 18 U.S.C. § 641, the indictment alleging that on May 14, 1970, at the Naval Supply Center at Alameda, California, he stole a pallet of copper plates which was the property of the United States and valued in excess of one hundred dollars.

The appellant was an employee of the supply depot. During a lunch hour, he noticed some pallets of copper plates and decided to come back after work for the purpose of stealing some of the copper. That night he committed a trespass and drove into the center. After parking his automobile, he obtained a forklift, picked up a pallet and was in the process of carrying it to his car when he was apprehended.

The appellant had heard that government property could be valuable and disposed of at a salvage yard. He didn't know the value of copper, but intended to find out by selling one or two pieces and determine how much he could get for the larger amount. He intended to conceal the balance until after he determined whether it was worthwhile to sell it. His plans in that regard had not yet finalized because of his uncertainty as to value.

At the request of the appellant and his counsel, the jury received only two verdict forms—(1) guilty of stealing property in excess of $100, a felony, and (2) guilty of stealing property of less than $100 in value, a misdemeanor. The appellant conceded his guilt of the misdemeanor, and sought only a guilty verdict on the lesser-included charge to the exclusion of the felony pursuant to Rule 31(c) of the Federal Rules of Criminal Procedure. Apparently this strategy was developed because of the exemplary record of the appellant and hope of a sympathetic jury. After the jury returned its verdict of guilty to the felony, the trial court placed him on probation.

Appellant alleges two errors, (1) his right to remain silent was used against

* Honorable Warren J. Ferguson, United States District Judge, Central District of California, sitting by designation.

him, and (2) the introduction of an oral statement was improper as he had not been advised of his rights pursuant to the standards required by Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

█ With reference to the first issue, an officer testified that prior to questioning appellant, he provided appellant with a form which set forth his legal rights. The testimony then proceeded as follows, with questions by the government:

"Q. And after he had read it, did you ask him any questions as to whether or not he understood it?

"A. I did.

"Q. And did you ask him whether or not he would be willing to talk with you now that he had read that form?

"A. I did.

"Q. Now, thereafter did you discontinue or desist from asking him any questions?

"A. I did.

"Q. And did you do that on instructions from your superior?

"A. Only after the accused had refused to give me a statement."

That last unresponsive answer does not constitute reversible error. The clear thrust of the testimony elicited by the government and appellant from the witness and all witnesses was that the appellant at all times freely and voluntarily admitted his involvement with the copper plates. The appellant testified at length regarding his voluntary conversations with the officers. The gratuitous answer with respect to the appellant's silence was not prompted by the government, and no issue on the subject was raised at any time. The statement in the context of the entire trial clearly was not prejudicial, and the error was harmless within Rule 52(a) of the Federal Rules of Criminal Procedure.

Appellant's second argument contests the introduction of an oral statement allegedly made shortly after his arrest.

The government concedes that the statement of rights given to him was deficient under the standards set down in *Miranda,* but contends that the testimony was admissible pursuant to 18 U.S.C. § 3501, which provides in pertinent part:

"(a) In any criminal prosecution * * * a confession * * * shall be admissible in evidence if it is voltarily given. * * *"

Subsection (b) sets forth a number of facts which the courts shall consider in determining voluntariness. We decline in this case to reach the issues presented by § 3501. However, we hold that under the unusual facts of this case the introduction of the statement, while in violation of *Miranda,* did not constitute reversible error. The appellant does not contend that his statement was coerced from him in any way. *Cf.* Haynes v. Washington, 373 U.S. 503, 83 S.Ct. 1336, 10 L.Ed.2d 513 (1963); Lynumn v. Illinois, 372 U.S. 528, 83 S.Ct. 917, 9 L.Ed. 2d 922 (1963). He asserts without equivocation that all his statements were completely voluntary.

█ Criminal intent is an essential element of an offense under § 641. Appellant concedes that he is guilty under the misdemeanor provisions of that section, as he committed all of the essential elements of that crime. However, he contends that he did not intend to steal property in excess of $100 and, therefore, could not be found guilty of the felony. Two of the copper plates were of a value less than $100, but the pallet of plates was far in excess of that sum. Appellant's argument substitutes motive for intent.

As set forth by Judge Hufstedler in United States v. Howey, 427 F.2d 1017 (9th Cir. 1970), "Section 641 was a consolidation of four former larceny-type offenses, scattered through Title 18, before its 1948 revision. The history of section 641 and its antecedents demonstrates that Congress intended the section to codify the common law crimes of larceny and embezzlement, together with those other acts which shade into those

**442**

common law offenses, yet fail to fit precisely within their definitions." 427 F.2d at 1018.

 The intent, which is required to constitute a violation of § 641, is the intent to appropriate it to a use inconsistent with the owner's rights and benefits. United States v. Johnson, 140 U.S. App.D.C. 54, 433 F.2d 1160 (1970); United States v. Handler, 142 F.2d 351 (2d Cir. 1944); Crabb v. Zerbst, 99 F.2d 562 (5th Cir. 1938). When appellant intended to conceal the remainder of the pallet he intended "a use inconsistent with rights and benefits of ownership" of the government. The fact that if ultimately he decided not to sell the remaining copper and the government eventually might have recovered it does not negate that intent. The fact that the appellant may or may not have realized a larger profit from his theft is not a defense. To paraphrase *Howey*, the legislative history provides no support for an assumption that Congress intended in § 641 to add a requirement that a thief must intend to receive a benefit of more than $100 from his acts before he can be found guilty of a felony rather than a misdemeanor. 427 F.2d at 1018. By his own testimony, the appellant effectively pleaded guilty to every element required to constitute a felony conviction under § 641.

 This case does not fall within the category of cases in which common law theft is not committed because the appellant intended only to deprive the owner temporarily of possession, that is, he intended to use the property and then return it, such as the typical "joy-riding" cases. *See* United States v. Trinder, 1 F.Supp. 659 (D.C., 1932), and the comment concerning that case in Morissette v. United States, 342 U.S. 246 (1952), at 266, n. 28, 72 S.Ct. 240, 96 L.Ed. 288. Concealing the larger quantity of copper was for the specific purpose of determining whether the theft might be more profitable. Appellant never intended to use it temporarily and then return it. In considering the evidence in favor of the appellant [*Cf.* Glasser v. United States, 315 U.S. 60, 80, 62 S.Ct. 457, 86 L.Ed. 680 (1942)], his guilt of the felony theft charge is conclusively demonstrated. The case falls within the category described in Chapman v. California, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967), "We conclude that there may be some constitutional errors which in the setting of a particular case are so unimportant and insignificant that they may, consistent with the Federal Constitution, be deemed harmless, not requiring the automatic reversal of the conviction". 386 U.S. at 22, 87 S.Ct. at 827. The conviction is affirmed.