**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Jose Luis FLORES–GARCIA,**
**Defendant–Appellant.**

**No. 99–50105.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Dec. 10, 1999

Filed Jan. 4, 2000

---

85. *Id.* at 1328.

86. *Id.* at 1330.

87. *Id.* at 1329.

1120

Jeanne Geren Knight, San Diego, California, for the defendant-appellant.

Steve F. Miller, Assistant United States Attorney, San Diego, California, for the plaintiff-appellee.

Before: D. W. NELSON, BEEZER and T. G. NELSON, Circuit Judges.

BEEZER, Circuit Judge:

Jose Luis Flores–Garcia appeals his conviction for assisting an inadmissible alien felon to enter the United States in violation of 8 U.S.C. § 1327. Flores–Garcia was convicted after the district court held that Flores–Garcia's knowledge of the assisted alien's prior felony conviction was not an element of section 1327. We review that statutory construction de novo, *see* *United States v. Hunter*, 101 F.3d 82, 84 (9th Cir.1996), and we affirm.

I

The government indicted Jose Luis Flores–Garcia for aiding and assisting an inadmissible alien felon to enter the United States.[1] *See* 8 U.S.C. § 1327. Flores–Garcia waived his right to a jury trial on this charge and consented to a bench trial on stipulated facts.

1. Flores–Garcia was also indicted on seven counts of transporting illegal aliens and related offenses. *See* 8 U.S.C. §§ 1324(a)(2)(A)(ii), (v)(II), (B)(ii); 18 U.S.C. § 111. Garcia–Flores pleaded guilty to these charges and does not challenge the validity of his plea.

Flores–Garcia admitted aiding and assisting an undocumented alien named Gabriel Hernandez to enter the United States. Hernandez had previously been convicted of possession of a narcotic substance for sale, an aggravated felony, making him "inadmissible" to the United States under 8 U.S.C. § 1182(a)(2).[2] Flores–Garcia also stipulated that he knew that Gabriel Hernandez was an undocumented alien, and thus inadmissible to the United States, see 8 U.S.C. § 1182(a)(7). Flores–Garcia asserted, however, a complete lack of knowledge concerning the alien's felony record and the government conceded that it could not prove otherwise.

Pretrial, the district court concluded that section 1327 did not require the government to prove that Flores–Garcia knew that Hernandez had been convicted of an aggravated felony. Based on the stipulated facts, Flores–Garcia was found guilty of violating 8 U.S.C. § 1327. Flores–Garcia timely appealed. We have jurisdiction pursuant to 28 U.S.C. § 1291.

## II

■ Whether the defendant's knowledge of an alien's prior felony conviction is an element of 8 U.S.C. § 1327 is a question of first impression in this circuit. The Second Circuit is the only appellate court to have construed this statute. See United States v. Figueroa, 165 F.3d 111 (2d Cir. 1998). Figueroa concluded that the defendant's knowledge of an alien's prior felony conviction is not an element of section 1327. Id. at 119. The statute requires the government to prove only that the defendant knew that the alien he aided or assisted was excludable[3] from the United States. Id. For the reasons that follow, we agree.

**2.** Title 8, section 1182(a)(2) states in relevant part: "any alien convicted of … a violation of (or a conspiracy or attempt to violate) any law or regulation of a State, the United States, or a foreign country relating to a controlled substance (as defined in section 802 of Title 21), is inadmissible."

■ Determining whether the defendant's knowledge of an alien's prior felony conviction is an element of section 1327 requires an examination of the statute's plain meaning. See United States Nat'l Bank of Oregon v. Indep. Ins. Agents of America, 508 U.S. 439, 454–455, 113 S.Ct. 2173, 124 L.Ed.2d 402 (1993). We ascertain the statute's plain meaning by examining the statute's language, its internal structure as well as its object and policy. See id. at 455, 113 S.Ct. 2173.

Title 8, section 1327, states:

Any person who knowingly aids or assists any alien inadmissible under section 1182(a)(2) (insofar as an alien inadmissible under such section has been convicted of an aggravated felony) or 1182(a)(3) (other than subparagraph (E) thereof) of this title to enter the United States, or who connives or conspires with any person or persons to allow, procure, or permit any such alien to enter the United States, shall be fined under title 18, or imprisoned not more than 10 years, or both.

8 U.S.C. § 1327 (Supp. II 1996). Although the statute contains the term "knowingly," it is unclear to what elements beyond "aids or assists," if any, the defendant's mental state extends. Cf. United States v. Lacy, 119 F.3d 742, 747 (9th Cir.1997).

■ Criminal law presumes that the government must prove that the defendant possessed some mental state for each statutory circumstance that would make criminal "otherwise innocent conduct," even if this construction is not the "most natural grammatical reading" of the statutory language. United States v. X–Citement Video, Inc., 513 U.S. 64, 72, 115 S.Ct. 464, 130 L.Ed.2d 372 (1994). Provided the defendant recognizes he is doing something cul-

**3.** The Second Circuit analyzed section 1327 prior to its 1996 amendment. The only alteration to the statute, however, was the substitution of "inadmissible" for "excludable" wherever the latter appeared. See Pub.L. 104–208 § 308(d)(3)(A) (1996).

pable, however, he need not be aware of the particular circumstances that result in greater punishment. *See, e.g., United States v. Pitts,* 908 F.2d 458, 461 (9th Cir.1990) (holding that defendant need not know his proximity to school to be convicted of aggravated crime of selling drugs within 1000 feet of a school). "Criminal intent serves to separate those who understand the wrongful nature of their act from those who do not, but does not require knowledge of the precise consequences that may flow from that act once aware that the act is wrongful." *X–Citement Video,* 513 U.S. at 73 n. 3, 115 S.Ct. 464.

These background principles of criminal law suggest that the defendant's knowledge of an alien's prior felony conviction is not an element of section 1327. The government need prove only that the defendant knew that the alien he was aiding or assisting was inadmissible to the United States.[4] The plain meaning of section 1327 derived from the section's internal structure and its place within the context of surrounding immigration law support this construction. *See Children's Hosp. and Health Center v. Belshe,* 188 F.3d 1090, 1096 (9th Cir.1999).

The alien Flores–Garcia assisted was inadmissible to the United States because he had previously committed an aggravated felony. Section 1327 also punishes those individuals who aid or assist aliens who "a consular officer or the Attorney General knows, or has reasonable ground to believe" are seeking admittance to the United States to engage in espionage, sabotage, or other unlawful activity, 8 U.S.C. § 1182(a)(3)(A), as well as those who "the Secretary of State has reasonable grounds to believe would have potentially serious adverse foreign policy consequences for the United States," *id.* § 1182(a)(3)(C)(i).

If the defendant's knowledge of the reason why an alien is inadmissible is an element of section 1327, the government would be required to prove that the defendant knew what was in the mind of a consular officer, the Attorney General, or the Secretary of State.

In addition to the above two categories of aliens, section 1327 also incorporates by reference aliens who have "engaged in a terrorist activity." *Id.* § 1182(a)(3)(B). The variety of aliens covered under section 1327 suggests that Congress was concerned primarily with the threat posed by the alien illegally entering the United States, not with the defendant's knowledge of that threat.

Section 1327's placement within the statutory framework of immigration law supports this construction. Title 8, section 1324 represents the baseline statute that governs the entry of illegal aliens and alien smuggling. Title 8, section 1326 complements section 1324 by imposing greater criminal penalties upon certain classes of aliens who enter illegally. Section 1327 can similarly be understood to provide enhanced penalties for those who aid and assist particular classes of aliens to enter illegally the United States. In other words, sections 1326 and 1327 can be viewed as aggravated versions of section 1324, both of which are concerned with certain classes of aliens.

 Informed by background principles of criminal law, the statute's internal structure and its placement in the statutory scheme of immigration law, the plain meaning of section 1327 indicates that the defendant's knowledge of an alien's prior felony conviction is not an element of the offense; the statute requires only that the government prove that the defendant

---

**4.** The government further defends this construction of section 1327 with background principles of criminal law derived by analogy to public welfare offenses generally, *see United States v. Int'l Minerals & Chem. Corp.,* 402 U.S. 558, 561, 91 S.Ct. 1697, 29 L.Ed.2d 178 (1971), drug offenses specifically, *United*

*States v. Balint,* 258 U.S. 250, 254, 42 S.Ct. 301, 66 L.Ed. 604 (1922), and Ninth Circuit case law construing 18 U.S.C. § 641, crimes involving public money, property or records, *see Ailsworth v. United States,* 448 F.2d 439, 441–442 (9th Cir.1971); *United States v. Howey,* 427 F.2d 1017, 1018 (9th Cir.1970).

knew that the alien he was aiding or assisting was inadmissible to the United States. This plain meaning is conclusive, unless "the literal application of a statute ... produce[s] a result demonstrably at odds with the intentions of its drafters." *Griffin v. Oceanic Contractors, Inc.*, 458 U.S. 564, 571, 102 S.Ct. 3245, 73 L.Ed.2d 973 (1982).

Flores–Garcia argues that section 1327's legislative history indicates a Congressional intent that is contrary to our holding. Specifically, he offers the statements of Senator Chiles and Representative Smith who proposed extending section 1327's coverage from subversive aliens to include aliens who had been convicted of an aggravated felony. Chiles stated that the amendment to section 1327 was "directed at those persons in the United States-citizens or noncitizens-who actually recruit aliens in foreign countries for the purpose of dealing drugs in the United States and/or to assist such aliens in gaining illegal entry into this country." 133 Cong. Rec. S8772 (daily ed. April 9, 1987) (statement of Sen. Chiles).

As the Second Circuit noted, "[t]he classes of aided aliens to which the statute applies are, however, both over and under-inclusive when compared to those discussed by Senator Chiles." *Figueroa*, 165 F.3d at 119. Rather, understood in the context of the other proposed amendments, the sponsor's comment highlights Congress' goal of facilitating the deportation of and preventing the reentry of illegal alien felons. *See* 133 Cong. Rec. S8771–8773; *see also* 133 Cong. Rec. H28840–28841 (daily ed. Oct. 22, 1987) (statement of Rep. Smith).

■ These statements do not undermine the plain meaning of section 1327 and the legislative history is otherwise silent as

to the defendant's mental state intended under 1327. Under these circumstances, the plain meaning of section 1327 prevails.[5] The defendant's knowledge of an alien's prior felony conviction is not an element of 8 U.S.C. § 1327; the government need only prove that the defendant knew that the alien he aided or assisted was inadmissible to the United States.

### III

The government assumed the burden to prove that: 1) Flores–Garcia knowingly aided or assisted an alien to enter the United States; 2) Flores–Garcia knew that the alien was inadmissible to the United States; and 3) the alien was inadmissible under section 1182(a)(2) or (3). Because the stipulated facts establish each of these elements, we AFFIRM.

---

5. The rule of lenity, that ambiguities in criminal statutes should be resolved in defendant's favor, is inapplicable in this case. "A statute is not ambiguous simply because it is possible to construe a statute narrowly.... Rather, the rule of lenity is reserved 'for those situations in which a reasonable doubt persists

about a statute's intended scope even after resort to the language and structure, legislative history, and motivating policies of the statute.'" *United States v. LeCoe*, 936 F.2d 398, 402 (9th Cir.1991) (quoting *Moskal v. United States*, 498 U.S. 103, 108, 111 S.Ct. 461, 112 L.Ed.2d 449 (1990)).