**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Isidro MARTINEZ–PELAEZ, Defendant–Appellant.**

Nos. 01–50679, 01–50691.

D.C. CR–00–02665–JTM, CR–01–003040–JTM.

United States Court of Appeals, Ninth Circuit.

of this circuit except as may be provided by Ninth Circuit Rule 36–3.

Submitted Aug. 5, 2003.*

Decided Aug. 8, 2003.

Appeal from the United States District Court for the Southern District of California, Jeffrey T. Miller, District Judge, Presiding.

Before KOZINSKI and T.G. NELSON, Circuit Judges, and RESTANI,** Judge.

MEMORANDUM ***

Isidro Martinez–Pelaez appeals his jury trial conviction and his sentence for multiple counts of bringing in illegal aliens for financial gain (8 U.S.C. § 1324(a)(2)(b)(ii)), transportation of illegal aliens (8 U.S.C. § 1324(a)(1)(A)(ii)), and aiding and abetting (18 U.S.C. § 2) certain aliens to enter the United States (8 U.S.C. § 1327).

Martinez–Pelaez's argument based on *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), is subject to plain error review as it was not raised in the district court. *United States v. Olano,* 507 U.S. 725, 731, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993). There is no plain error because *Apprendi* does not apply. Defendant was sentenced to a term of 85 months, well below the statutory maximum for the alien smuggling convictions. *See United States v. Matus–Leva,* 311 F.3d 1214, 1217 (9th Cir.) (noting that *Apprendi* is not implicated in a case that does not involve sentencing factors to be decided by a judge that increase the penalty beyond the statutory maximum), *cert. denied,* 537

U.S. 1022, 123 S.Ct. 544, 154 L.Ed.2d 431 (2002). Martinez–Pelaez, nonetheless, argues that the indictment violates the spirit of *Apprendi* because conspiracy was not charged. It was not necessary for the government to charge conspiracy. Martinez–Pelaez was properly charged on an aiding and abetting theory with regard to the alien smuggling charge, which put him on notice of the Government's theory. The jury found all of the facts necessary to convict Martinez–Pelaez as an aider and abettor. Aiders and abettors are punishable as principals. 18 U.S.C. § 2(a) (2000). Thus, the spirit of *Apprendi* is satisfied as well.

As to Martinez–Pelaez's second claim, *United States v. Flores–Garcia,* 198 F.3d 1119 (9th Cir.2000) controls. In *Flores–Garcia,* the court held that knowledge of an alien's prior felony conviction is not an element of 8 U.S.C. § 1327. *Id.* at 1122–23. Thus, appellant's argument that he may not be convicted under § 1327 because he did not know of the prior conviction of one of the smuggled aliens fails. To the extent Martinez–Pelaez contends that such strict liability violates due process, an issue not addressed in *Flores–Garcia,* we decline to consider this argument as Martinez–Pelaez does not develop it or cite any authority for his position.

Finally, Martinez–Pelaez asserts that the district court erred in not reducing his sentence via a minor role adjustment under United States Sentencing Guideline § 3B1.2. Not every driver is entitled to a minor role adjustment. *See United States*

---

* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

** The Honorable Jane A. Restani, Judge, United States Court of International Trade, sitting by designation.

*v. Hernandez–Franco*, 189 F.3d 1151, 1160 (9th Cir.1999). Here, defendant owned the car that was altered for alien smuggling. It is not clearly erroneous in such a situation to conclude that defendant was not substantially less culpable than other players in the offense. *See id.*

AFFIRMED.

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** The Honorable Donald Pogue, U.S. Court of International Trade, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

