Justice Alito,
concurring in part and concurring in the judgment.
While I am in general agreement with the opinion of the Court, I write separately because I am concerned that the Court’s opinion may be read by some as adopting an overly rigid rule of statutory construction. The Court says that “[i]n ordinary English, where a transitive verb has an object, listeners in most contexts assume that an adverb (such as knowingly) that modifies the transitive verb tells the listener how the subject performed the entire action, including the object as set forth in the sentence.” Ante, at 650. The Court adds that counterexamples are “not easy to find,” ante, at 651, and I suspect that the Court’s opinion will be cited for the proposition that the mens rea of a federal criminal statute nearly always applies to every element of the offense.
I think that the Court’s point about ordinary English usage is overstated. Examples of sentences that do not conform to the Court’s rule are not hard to imagine. For example: “The mugger knowingly assaulted two people in the park — an employee of company X and a jogger from town Y.” A person hearing this sentence would not likely assume that the mugger knew about the first victim’s employer or the second victim’s hometown. What matters in this example, and the Court’s, is context.
More to the point, ordinary writers do not often construct the particular kind of sentence at issue here, i. e., a complex sentence in which it is important to determine from the sentence itself whether the adverb denoting the actor’s intent applies to every characteristic of the sentence’s direct object. Such sentences are a staple of criminal codes, but in ordinary speech, a different formulation is almost always used when the speaker wants to be clear on the point. For example, a speaker might say: “Flores-Figueroa used a Social Security *660 number that he knew belonged to someone else” or “Flores-Figueroa used a Social Security number that just happened to belong to a real person.” But it is difficult to say with the confidence the Court conveys that there is an “ordinary” understanding of the usage of the phrase at issue in this case.
In interpreting a criminal statute such as the one before us, I think it is fair to begin with a general presumption that the specified mens rea applies to all the elements of an offense, but it must be recognized that there are instances in which context may well rebut that presumption. For example, 18 U. S. C. § 2423(a) makes it unlawful to “knowingly transport] an individual who has not attained the age of 18 years in interstate or foreign commerce ... with intent that the individual engage in prostitution, or in any sexual activity for which any person can be charged with a criminal offense.” The Courts of Appeals have uniformly held that a defendant need not know the victim’s age to be guilty under this statute. See, e. g., United States v. Griffith, 284 F. 3d 338, 350-351 (CA2 2002); United States v. Taylor, 239 F. 3d 994, 997 (CA9 2001); cf. United States v. Chin, 981 F. 2d 1275, 1280 (CADC 1992) (R. Ginsburg, J.) (holding that 21 U. S. C. § 861(a)(1), which makes it unlawful to “knowingly and intentionally . . . employ, hire, use, persuade, induce, entice, or coerce, a person under eighteen years of age to violate” drug laws, does not require the defendant to have knowledge of the minor’s age). Similarly, 8 U. S. C. § 1327 makes it unlawful to “knowingly ai[d] or assis[t] any alien inadmissible under section 1182(a)(2) (insofar as an alien inadmissible under such section has been convicted of an aggravated felony) ... to enter the United States.” The Courts of Appeals have held that the term “knowingly” in this context does not require the defendant to know that the alien had been convicted of an aggravated felony. See, e. g., United States v. Flores-Garcia, 198 F. 3d 1119, 1121-1123 (CA9 2000); United States v. Figueroa, 165 F. 3d 111, 118-119 (CA2 1998).
*661 In the present case, however, the Government has not pointed to contextual features that warrant interpreting 18 U. S. C. § 1028A(a)(l) in a similar way. Indeed, the Government’s interpretation leads to exceedingly odd results. Under that interpretation, if a defendant uses a made-up Social Security number without having any reason to know whether it belongs to a real person, the defendant’s liability under § 1028A(a)(l) depends on chance: If it turns out that the number belongs to a real person, two years will be added to the defendant’s sentence, but if the defendant is lucky and the number does not belong to another person, the statute is not violated.
I therefore concur in the judgment and join the opinion of the Court except insofar as it may be read to adopt an inflexible rule of construction that can rarely be overcome by contextual features pointing to a contrary reading.