**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 11-30093 |
| Plaintiff-Appellee, | D.C. No. 2:10-cr-00119-RMP-1 |
| v. | |
| DANIEL DUANE CRAPE, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Eastern District of Washington
Rosanna Malouf Peterson, Chief District Judge, Presiding

Argued and Submitted March 7, 2012
Seattle, Washington

Before: FERNANDEZ and PAEZ, Circuit Judges, and GWIN, District Judge.[**]

Following a jury trial, Appellant Daniel Crape was convicted for stealing a government-owned border-monitoring sensor in violation of 18 U.S.C. § 641. Crape appeals his conviction on three grounds. We affirm.

---

[*]This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]The Honorable James S. Gwin, District Judge for the U.S. District Court for the Northern District of Ohio, sitting by designation.

*Jury Instructions*

First, Crape argues that the district court erroneously rejected two of his proposed jury instructions: 1) an instruction that a conviction under § 641 requires proof beyond a reasonable doubt that the defendant knew the stolen property belonged to the United States, and 2) an instruction on Crape's good faith defense. Both arguments fail.

The district court correctly instructed the jury on knowledge. "The reason for including the requirement [in § 641] that the property, in fact, belongs to the Government was to state the foundation for federal jurisdiction. A defendant's knowledge of the jurisdictional fact is irrelevant . . . ." *United States v. Howey*, 427 F.2d 1017, 1018 (9th Cir. 1970). Accordingly, the district court did not err when it refused to instruct the jury that Crape could only be convicted if he knew the border-monitoring sensor belonged to the United States.

The Supreme Court's reasoning in *Flores-Figueroa v. United States*, 556 U.S. 646, 129 S. Ct. 1886 (2009), neither applies to § 641 nor undermines *Howey*.

In *Flores-Figueroa* the Court construed 18 U.S.C. § 1028A(a)(1),[1] an identity-theft statute that, unlike § 641, has the term "knowingly" before the other elements of the crime. Using "ordinary English grammar," the Court concluded that "knowingly" applied to all subsequently listed elements of § 1028A(a)(1). 129 S. Ct. at 1890. But *Flores-Figueroa* did not set aside the line of cases, like *Howey*, that find government ownership is needed to establish jurisdiction but knowledge of government ownership is unnecessary to convict. *See United States v. X-Citement Video, Inc.*, 513 U.S. 64, 72 n.3 (1994).

Similarly, the district court did not err in rejecting Crape's proposed good-faith instruction. A criminal defendant "has 'no right' to *any* good faith instruction when the jury has been adequately instructed with regard to the intent required to be found guilty of the crime charged, notwithstanding the normal rules governing 'theory of defense' requests." *United States v. Shipsey*, 363 F.3d 962, 967 (9th Cir. 2004). In this case, as Crape concedes, the district court adequately instructed the jury on the intent element required for a conviction under § 641.

---

[1]"Whoever, during and in relation to any felony violation enumerated in subsection (c), knowingly transfers, possesses, or uses, without lawful authority, a means of identification of another person shall, in addition to the punishment provided for such felony, be sentenced to a term of imprisonment of 2 years." 18 U.S.C. § 1028A(a)(1).

3

Furthermore, using a First Circuit Model Jury Instruction, the district court gave a good-faith instruction and instructed the jury that it must acquit Crape if it had a "reasonable doubt that Defendant acted knowingly to deprive the owner of the use or benefit" of the property. That instruction was not "misleading or inadequate to guide the jury's deliberation," *United States v. Dixon*, 201 F.3d 1223, 1230 (9th Cir. 2000), and it did not impair Crape's ability to argue his good-faith defense.

### *Constructive Amendment of the Indictment*

Crape next argues that both the evidence at trial and the jury instructions constructively amended the indictment against him. The Fifth Amendment's Grand Jury Clause ensures a criminal defendant's "substantial right to be tried only on the charges set forth in an indictment by a grand jury." *United States v. Shipsey*, 190 F.3d 1081, 1085 (9th Cir. 1999). Thus, "the indictment's charges may not be broadened by amendment, either literal or constructive, except by the grand jury itself." *United States v. Adamson*, 291 F.3d 606, 614 (9th Cir. 2002). "A variance between indictment and proof," however, "does not require reversal unless it affects the substantial rights of the parties." *United States v. Kaiser*, 660 F.2d 724, 730 (9th Cir. 1981).

4

In this case, the indictment alleged that Crape stole a border-monitoring sensor, property of the United States Border Patrol. Evidence at trial showed that the sensor was the property of the United States Marine Corps, not the Border Patrol, and the jury instructions referred to the sensor as property of the United States. Crape's substantial rights were not affected by that variance; the precise governmental owner is irrelevant to a conviction under § 641. *See United States v. Von Stoll*, 726 F.2d 584, 586-87 (9th Cir. 1984). The differences do not constitute a constructive amendment of the indictment. Accordingly, the district court properly denied Crape's motion for a judgment of acquittal. *See* Fed. R. Crim. P. 29.

*Sufficiency of the Evidence*

Finally, Crape argues that the evidence was insufficient to show that he had the requisite guilty intent to steal the border-monitoring sensor. We review de novo "whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). Crape, an electronics hobbyist, recognized that the border-monitoring sensor's expensive lithium-sulfur-dioxide batteries were inconsistent with an abandoned device. More important, Crape disassembled and concealed the border-monitoring

5

sensor in a manner that suggested knowledge that the sensor was valuable. A rational trier of fact could, therefore, conclude that Crape intended to steal the border-monitoring sensor. Accordingly, substantial evidence supports Crape's conviction, and the district court correctly denied Crape's motion for judgment of acquittal. *See* Fed. R. Crim. P. 29.

AFFIRMED.