FILED

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

SEP 13 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 11-50114 |
| Plaintiff-Appellee, | D.C.No. 2:09-cr-01013-PSG-1 |
| v. | MEMORANDUM[*] |
| EDUARDO ALVAREZ-MARQUEZ, | |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
Philip S. Gutierrez, District Judge, Presiding

Submitted August 7, 2013**
Pasadena, California

Before:    SILVERMAN and WARDLAW, Circuit Judges, and
CEDARBAUM,*** District Judge.

Eduardo Alvarez-Marquez appeals his 300-month sentence for conspiring to

---

[*]    This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36-3.

**    The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

***    The Honorable Miriam Goldman Cedarbaum, Senior District Judge for the Southern District of New York, sitting by designation.

bring, transport, and harbor illegal aliens in violation of 8 U.S.C. § 1324 (a)(1)(A)(v)(I); conspiring to allow, procure, and permit inadmissible aliens with aggravated felonies to enter the country in violation of 8 U.S.C. § 1327; and harboring and concealing an illegal alien in violation of 8 U.S.C. § 1324 (a)(1)(A)(iii). Alvarez-Marquez argues that his sentence violates the Double Jeopardy Clause and is substantively unreasonable. We have jurisdiction under 28 U.S.C. § 1291 and affirm.

Alvarez-Marquez argues that the imposition of consecutive sentences for the conspiracy crimes violates the Double Jeopardy Clause. This claim is reviewed for plain error because it was not raised in the district court. United States v. Davenport, 519 F.3d 940, 943 (9th Cir. 2008). When, as here, multiple sentences are imposed in the same trial, the protection against double jeopardy "is limited to assuring that the court does not exceed its legislative authorization by imposing multiple punishments for the same offense." Id. (quoting Brown v. Ohio, 432 U.S. 161, 165, 97 S. Ct. 2221, 53 L. Ed. 2d 187 (1977)). We analyze whether each statute "requires proof of a fact which the other does not." Blockburger v. United States, 284 U.S. 299, 304, 52 S. Ct. 180, 76 L. Ed. 306 (1932). Because Alvarez-Marquez was convicted under two conspiracy statutes, we compare "the specific substantive offense that the defendant is alleged to have conspired to commit."

2

United States v. Arlt, 252 F.3d 1032, 1035-38 (9th Cir. 2001) (en banc).

As relevant here, § 1327 requires that the defendant conspire to allow, procure, or permit the entry of an alien who is inadmissible because of an aggravated felony conviction.  It is clear and undisputed that none of the provisions of § 1324(a)(1)(A)(i)-(iii) require proof that the alien have any conviction at all.  The first provision at issue in § 1324 – subsection (a)(1)(A)(i) – requires proof that a defendant conspired to "bring[]" an alien to the country "at a place other than a designated port of entry or place other than as designated by the Commissioner."  There is no requirement in § 1327 that the act occur at any particular place.  Next, both §§ 1324(a)(1)(A)(ii) and (iii) require that a defendant conspire to commit certain acts while knowingly or recklessly disregarding "the fact that an alien has come to, entered, or remains in the United States in violation of law."  These two provisions concern acts occurring after an alien has entered the country, compared with § 1327, which is concerned with entry itself.  Subsection (ii) requires that a defendant transport or move an alien within the United States, and subsection (iii) requires that a defendant conceal, harbor, or shield an alien from detection.  Section 1327 does not require proof that an alien was transported, moved, concealed, harbored, or shielded.  A crime under any of the provisions of § 1324(a)(1)(A)(i)-(iii) would not be proved if a defendant allowed, procured, or

3

permitted entry of an inadmissible aggravated felon at a port of entry but took no steps to transport or conceal the alien.  Cf. United States v. Figueroa, 165 F.3d 111, 113 (2d Cir. 1998).

With the Blockburger test met, we presume that Congress intended to permit the punishment imposed here.  See United States v. Overton, 573 F.3d 679, 692 (9th Cir. 2009).  Because there is no clear indication of contrary legislative intent, see United States v. Flores-Garcia, 198 F.3d 1119, 1123 (9th Cir. 2000), the statutory language is conclusive.  Overton, 573 F.3d at 691.  Because the prohibition against double jeopardy is not implicated here, the district court did not commit error – plain or otherwise.

Alvarez-Marquez's challenge to the substantive reasonableness of his 300-month sentence is reviewed for abuse of discretion.  Gall v. United States, 552 U.S. 38, 51, 128 S. Ct. 586, 169 L. Ed. 2d 445 (2007).  Alvarez-Marquez's total offense level resulted in a Guidelines range of 360 months to life.  However, the statutory maximum for the particular offenses under the facts of this case was 300 months.  Therefore, under U.S.S.G. § 5G1.1(a), 300 months became the Guideline sentence.  While a Guidelines sentence is not presumed to be reasonable, United States v. Carty, 520 F.3d 984, 993 (9th Cir. 2008) (en banc), it usually is reasonable "because it reflects both the Commission's and the sentencing court's judgment as

4

to what is an appropriate sentence for a given offender." Rita v. United States, 551 U.S. 338, 351, 127 S. Ct. 2456, 168 L. Ed. 2d 203 (2007).

Alvarez-Marquez argues that the base offense level for his conviction under § 1327 is unreasonably harsh compared to the base offense levels for other immigration offenses. Section 1327 "can . . . be understood to provide enhanced penalties for those who aid and assist particular classes of aliens to enter illegally the United States." Flores-Garcia, 198 F.3d at 1122. Given the purpose of § 1327, the fact that the base offense level for a violation of § 1327 is higher than other immigration offenses cannot be said to be inherently unreasonable.

Alvarez-Marquez also argues that his sentence does not properly reflect § 3553(a) considerations. Here, the district court stated that it had considered the factors and explained that the sentence imposed was appropriate because Alvarez-Marquez was a leader of the conspiracy, the smuggling scheme was large in scale and long in duration, and some aliens' lives were endangered in the scheme. The court also emphasized that Alvarez-Marquez's prior record of immigration offenses had not deterred him from committing additional crimes. The district court's assessment of the § 3553(a) factors and the imposition of a within-Guidelines sentence was not an abuse of discretion.

**AFFIRMED.**