**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

APR 13 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 14-50099 |
| Plaintiff - Appellee, | D.C. No. 8:13-cr-00116-CJC-1 |
| v. | |
| FERNANDO MARTINEZ-CUEVAS, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
Cormac J. Carney, District Judge, Presiding

Submitted April 9, 2015[**]
Pasadena, California

Before: SILVERMAN and BEA, Circuit Judges and QUIST,[***] Senior District
Judge.

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]      The Honorable Gordon J. Quist, Senior District Judge for the U.S.
District Court for the Western District of Michigan, sitting by designation.

Fernando Martinez-Cuevas appeals from the district court's judgment and challenges his 46-month sentence imposed following his guilty plea to one count of aiding and assisting an inadmissible alien convicted of an aggravated felony to enter the United States, in violation of 8 U.S.C. § 1327. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Martinez-Cuevas argues that the district court erred by applying a sentencing enhancement under U.S.S.G. § 2L1.1(b)(6) for "intentionally or recklessly creating a substantial risk of death or serious bodily injury to another person." The commentary notes for U.S.S.G. § 2L1.1 provide:

> Reckless conduct to which the adjustment from subsection (b)(6) applies includes a wide variety of conduct (e.g., . . . harboring persons in a crowded, dangerous, or inhumane condition; or guiding persons through . . . a dangerous or remote geographic area without adequate food, water, clothing, or protection from the elements).

U.S.S.G. § 2L1.1 cmt. n.5. The undisputed facts in the record show that Martinez-Cuevas along with others used a panga boat – an open air vessel – to transport twenty-three passengers at night in the open sea for several hours. The boat lacked basic safety features such as a fire extinguisher, navigational lights, sound producing devices, visual distress signals, and other flotation devices such as life rafts or life-saving rings. In addition, the boat was crowded with fuel cans.

Accordingly, the district court did not err in applying an enhancement under U.S.S.G. § 2L1.1(b)(6).

Martinez-Cuevas also argues that 8 U.S.C. § 1327 violates the Due Process Clause because it is a strict liability crime. In *United States v. Flores-Garcia*, 198 F.3d 1119, 1123 (9th Cir. 2000), we interpreted 8 U.S.C. § 1327 and concluded that "[t]he defendant's knowledge of an alien's prior felony conviction is not an element of 8 U.S.C. § 1327; the government need only prove that the defendant knew that the alien he aided or assisted was inadmissible to the United States." Martinez-Cuevas argues that *Flores-Garcia* was wrongly decided. However, we are bound by the holding in *Flores-Garcia*. *See Miller v. Gammie*, 335 F.3d 889, 899 (9th Cir. 2003) (en banc). Moreover, under the holding of *Flores-Garcia*, 8 U.S.C. § 1327 contains the *mens rea* requirement that the defendant have known "that the alien he aided or assisted was inadmissible to the United States." *Flores-Garcia*, 198 F.3d at 1123. Therefore, 8 U.S.C. § 1327 is not, as Martinez-Cuevas argues, a strict liability crime. *See United States v. Bailey*, 444 U.S. 394, 406 n.6 (1980) (explaining that a strict liability crime is a "crime for which punishment can be imposed without proof of *any mens rea at all*." (emphasis added)); *see, e.g.*, *United States v. Cupa-Guillen*, 34 F.3d 860, 863 (9th Cir. 1994) (rejecting defendant's argument that 8 U.S.C. § 1326(b)(2) is a strict liability crime

because the statute contains the requirement that the government prove that the defendant acted with the general intent to re-enter the United States). Accordingly, we reject Martinez-Cuevas' challenge to the constitutionality of 8 U.S.C. § 1327.

**AFFIRMED.**