NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

FEB 9 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 19-50104 |
| Plaintiff-Appellee, | D.C. No.<br>3:17-cr-04414-CAB-2 |
| v. | |
| NANCY COLE, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Cathy Ann Bencivengo, District Judge, Presiding

Submitted June 4, 2020**
Pasadena, California

Before: CALLAHAN and NGUYEN, Circuit Judges, and KANE,*** District
Judge.

Nancy Cole appeals her conviction and sentence for importing and

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel withdrew submission of this appeal pending resolution of
*United States v. Collazo*, --- F.3d ----, No. 15-50509, 2021 WL 129792 (9th Cir.
Jan. 14, 2021) (en banc).  The panel hereby resubmits this case as of the date this
memorandum is filed.

\*\*\*      The Honorable Yvette Kane, United States District Judge for the
Middle District of Pennsylvania, sitting by designation.

conspiring to import more than 500 grams of a substance containing methamphetamine, in violation of 21 U.S.C. §§ 952, 960, and 963. Having jurisdiction over this appeal under 28 U.S.C. § 1291, we affirm.

1. The district court properly declined to award Cole "safety valve" relief under 18 U.S.C. § 3553(f), which can entitle a defendant to a sentence below the mandatory minimum for "*truthfully* provid[ing] to the government all information and evidence [she] has concerning the offense." Although Cole admitted to smuggling drugs into the United States, she claimed that she did so only because her then-boyfriend threatened to kill her children if she refused. Yet messages Cole exchanged with this man show that he was concerned about Cole's and their child's safety and that Cole was the one threatening to harm him. In light of this evidence, the court did not clearly err in finding that Cole failed to prove that she provided truthful information to the government.[1] *See United States v. Real-Hernandez*, 90 F.3d 356, 361 (9th Cir. 1996) (explaining that the defendant must "truthfully supply details of his own culpability").

Relying on *United States v. Haymond*, 139 S. Ct. 2369 (2019) (plurality opinion), Cole protests that § 3553(f) unconstitutionally relieves the government of

---

[1] The district court's decision on this point satisfies Federal Rule of Criminal Procedure 32. *See United States v. Ingham*, 486 F.3d 1068, 1074 (9th Cir. 2007) ("[Rule 32 findings] need not be detailed and lengthy. Rather, they need only state the court's resolution of the disputed issues." (quotations and citation omitted)).

having to prove to a jury facts triggering an increased minimum sentence. This argument conflates relief from an earned sentence with the elements of the crime underpinning that sentence. *See Lizarraga-Carrizales,* 757 F.3d 995, 999 (9th Cir. 2014); *United States v. Fincher*, 929 F.3d 501, 504-05 (7th Cir. 2019). *Haymond* is readily distinguishable, as it dealt with supervised-release violations resulting in new mandatory minimums without the violations having been proven to a jury. 139 S. Ct. at 2378-80. Here, however, the jury's findings authorized the sentence imposed, and the onus of establishing an entitlement to less time appropriately rested upon Cole.

2. We also reject Cole's argument that the jury instructions and government's summation constructively amended her indictment. Pointing out that the indictment charged her with knowingly importing and conspiring to import methamphetamine, specifically, rather than a controlled substance, generally, Cole contends that the government locked itself into having to prove her knowledge of the drug type and quantity. But constructive amendments occur when "the defendant is charged with one crime but, in effect, is tried for another crime." *United States v. Pang*, 362 F.3d 1187, 1194 (9th Cir. 2004). That did not happen here, and at any rate "the indictment was not constructively amended . . . because . . . [Cole's] knowledge of drug type and quantity . . . was not 'essential' to [her] conviction." *United States v. Sua*, 307 F.3d 1150, 1155 (9th Cir. 2002).

3

Furthermore, as Cole never broached this issue with the district court, we review the matter for plain error, which requires Cole to show that any error affected her substantial rights. *United States v. Mickey*, 897 F.3d 1173, 1183 (9th Cir. 2018). This she cannot do. Her theory at trial was that she was wholly innocent—that, unbeknownst to her, smugglers placed "drugs" in her car. She did not argue that she believed she was smuggling some substance other than methamphetamine. Because there is no "credible argument" that her trial strategy and outcome would have been the same had the indictment advanced a more general allegation, she was not prejudiced by its wording. *See id.* at 1184 (affirming a conviction where the defendant would not have approached his defense any differently had the indictment hewed more closely to the statutory language).

3. Nor did 21 U.S.C. § 960(b) otherwise require the government to prove that Cole knew the type and quantity of the controlled substance she smuggled into the United States. *United States v. Jefferson*, 791 F.3d 1013, 1019 (9th Cir. 2015), forecloses this argument, and we recently reiterated our position in *United States v. Collazo*, --- F.3d ----, No. 15-50509, 2021 WL 129792 (9th Cir. Jan. 14, 2021) (en banc). There we held that a similar statute required the government to "prove beyond a reasonable doubt the specific type and the quantity of substance involved in the offense, but not the defendant's knowledge of (or intent) with respect to that

type and quantity." *Id.* at \*14. The government met that burden here.

Contrary to Cole's contention, *Rehaif v. United States*, 139 S. Ct. 2191 (2019), does not compel a different result. First, that case concerned a statute structured much differently than § 960(b). *Id.* at 2195-96. Second, the Court required a mens rea for the one element separating the criminal conduct from otherwise innocent behavior. *Id.* at 2196-97. In comparison, § 960(b) requires defendants to knowingly import a controlled substance and thus does not punish those lacking a culpable mental state. *Rehaif* is therefore not especially relevant to this case.

4. Finally, we disagree with Cole that 21 U.S.C. § 960(b) is unconstitutional for imposing sentences disproportionate to a defendant's awareness of the underlying circumstances. So long as the defendant "recognizes [that she] is doing something culpable, . . . [she] need not be aware of the particular circumstances that result in greater punishment." *United States v. Flores-Garcia*, 198 F.3d 1119, 1121-22 (9th Cir. 2000); *see also Collazo*, 2021 WL 129792, at \*13. Accordingly, Cole was properly convicted and sentenced for importing and conspiring to import 500 grams or more of methamphetamine, even if the government did not prove her knowledge of those specific facts.

**AFFIRMED.**

5